UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GABRIELLE HARALSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-0276 (ESH) |
| MANAGEMENT & TRAINING CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gabrielle Haralson has sued defendant Management & Training Corporation ("MTC") for fraud, negligent misrepresentation, and negligent supervision. (Am. Compl., May 13, 2010 [dkt. # 8].) Before the Court is MTC's motion to dismiss the claim of fraud for failure to plead with sufficient particularity pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and all claims as barred by the statute of limitations. (Mot. to Dismiss, June 10, 2010 [dkt. # 10].) For the reasons set forth herein, the Court will deny the motion to dismiss.

### BACKGROUND

Plaintiff Gabrielle Haralson alleges in her amended complaint that she attended Potomac Academy in Washington, D.C., and that Potomac Academy was operated by MTC. (Am. Compl. ¶¶ 1-2.) Her stated purpose in attending the school was to obtain a General Education Development ("GED") Certificate. (*Id.* ¶ 1.) Plaintiff alleges that she enrolled based on representations made by the defendant about her ability to achieve a High School Equivalency

Diploma. (*Id.* ¶¶ 3-4.) According to plaintiff, she completed all the program requirements, participated in a graduation ceremony, and received signed certificates indicating she had achieved a High School Equivalency Diploma and GED dated June 13, 2003, and July 18, 2003, respectively. (*Id.* ¶¶ 4, 7-8, Exs. A, B.) Plaintiff alleges that she later applied to college but discovered that the GED she had received was invalid and she was therefore ineligible to enroll in college. (*Id.* ¶¶ 10-12, 14.)

Plaintiff alleges that defendant "acted maliciously" and had knowledge that its program did not meet the D.C. licensing requirements for issuing GEDs. (*Id.* ¶¶ 16, 19.) Plaintiff claims that as a result of defendant's fraudulent misrepresentations, she suffered damages because of her inability to enroll in college, her more limited employment options, and "significant mental anguish, embarrassment, and loss of self-esteem." (*Id.* ¶¶ 20.) Plaintiff also alleges negligent misrepresentation and negligent supervision by the defendant in issuing the invalid certificates. (Am. Compl. ¶¶ 21-32.)

## ANALYSIS

**I.    SUFFICIENCY OF PLEADING**

Defendant argues that the complaint does not state a prima facie case for fraud. (Mot. at 2.) In order to survive a motion to dismiss, the complaint must allege the following elements: 1) false representation, 2) in reference to a material fact, 3) made with knowledge of falsity, 4) with intent to deceive, and 5) action taken in reliance upon the representation. *See Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 67-68 (D.D.C. 2009). Defendant argues that the complaint lacks allegations of MTC's knowledge of the falsity and of MTC's intent to deceive. (Mot. at 2-3.) The Court is not persuaded by this argument. Plaintiff alleges that "[d]efendant acted maliciously" and "knew it had not satisfied D.C. licensing requirements for its GED

2

program and that its student GED certificates were therefore invalid." (Compl. ¶¶ 16, 19).  Since intent and knowledge may be alleged generally, plaintiff has met the pleading standard as to these elements.  *See* Fed. R. Civ. P. 9(b); *see also The Scowcroft Group, Inc. v. Toreador Resources Corp.*, 666 F. Supp. 2d 39, 45 (D.D.C. 2009) (finding complaint sufficient when intent and knowledge were alleged generally); *Molecular Diagnostics Labs. v. Hoffmann-La Roche Inc.*, 402 F. Supp. 2d 276, 288 (D.D.C. 2005) (assertion of knowledge meets the required standard).

Defendant also argues that the complaint fails to allege fraud with sufficient particularity to satisfy Rule 9(b), (Mot. at 2), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Plaintiff must "state the time, place, and content of the false representations, the fact misrepresented and what was retained or given up as a consequence of the fraud[,] ... and identify individuals allegedly involved in the fraud."  *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994)).

While plaintiff's complaint could be more detailed, the Court is persuaded that the details given are sufficient to provide defendant with enough information to prepare a response.  *See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008) (providing defendant with sufficient information to respond is one purpose of Rule 9(b)).  The clear inference is that defendant induced plaintiff to enroll in the program based on the representation that she would obtain a valid GED and that defendant knew or should have known that the GED was defective.  In addition, the complaint alleges specific representations made in the certificates

awarded to plaintiff. Attached to the complaint are two certificates.[1] (Am. Compl., Exs. A, B.) Exhibit A states that plaintiff "has successfully completed the courses of study as prescribed by the State Education Agency and is therefore awarded the High School Equivalency Certificate." (*Id.* Ex. A.) It is dated June 13, 2003, and signed by Darryl J. Johnson, Principal, and Celeste McDonald, Center Director. Exhibit B indicates that plaintiff completed the graduation and vocational trade requirements for "GED & Security Officer." (*Id.* Ex. B.) It is dated and signed by defendant's agent. These allegations are sufficient, and therefore the complaint complies with Rule 9(b).

## II. STATUTE OF LIMITATIONS

Defendant argues that all claims should be dismissed because "[p]laintiff filed suit well beyond three years from the date on which she received her GED." (Mot. at 3.) The Court agrees with defendant that a three-year statute of limitations applies to plaintiff's claims of fraud, negligent misrepresentation, and negligent supervision. *See* D.C. Code § 12-301(8); *see also, e.g.*, *Drake v. McNair*, 993 A.2d 607, 617 (D.C. 2010) (applying three-year statute of limitations to fraud and misrepresentation). The discovery rule, however, applies to all of plaintiff's claims. *See Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 42 (D.D.C. 2006) (applying discovery rule "strictly" to fraud claims and to related claims including negligence and negligent supervision). "Under the discovery rule, 'the statute of limitations will not run until plaintiffs know or reasonably should have known that they suffered injury due to the defendants' wrongdoing.'" *Johnson*, 451 F. Supp. 2d at 41.

"[T]he District of Columbia Circuit has 'repeatedly held ... [that] courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.'"

---

[1] A court may consider exhibits attached to the complaint in deciding a motion to dismiss. *E.g.*, *George v. Napolitano*, 693 F. Supp. 2d 125, 129 (D.D.C. 2010).

*Toms v. Office of the Architect of the Capitol*, 650 F. Supp. 2d 11, 19 (D.D.C. 2009) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).  A motion to dismiss cannot be granted on these grounds unless "'the complaint on its face is conclusively time-barred.'" *Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 5 (D.D.C. 2009) (quoting *Firestone*, 76 F.3d 1205 at 1209).  The amended complaint alleges that plaintiff discovered she had suffered injury "several years" after the GED certificate was granted (Am. Compl. ¶¶ 10-14), and plaintiff identifies 2009 as the year of discovery in both the original complaint (Compl. ¶ 8) and in her opposition to the motion to dismiss (Pl.'s Opp'n at 7.)  Thus, it cannot be concluded that plaintiff's claims are time-barred from the face of the complaint, and therefore, defendant's motion will be denied.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that defendant's motion to dismiss is **DENIED**.  It is further **ORDERED** that the above-captioned case is set for an Initial Scheduling Conference on August 10, 2010, at 9:45 a.m.

                                                       /s/
                                     ELLEN SEGAL HUVELLE
                                     United States District Judge

DATE:  July 20, 2010